IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-00407-07-CR-W-DW |
| | ) | |
| ANGELA K. BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is currently before the Court on Defendant Angela Baker's Motion for Severance (doc #195). Defendant Baker's motion requests an order severing her trial from that of her codefendants. For the reasons set forth below, this motion is denied.

I. INTRODUCTION

On December 15, 2004, the Grand Jury returned a fourteen count indictment against Patrick P. Gruetze, Terra Hedger, Winfred E. Taylor, Edward Bowman, Jr., Christopher Burton, James Deterding, Angela K. Baker, John A. Hughes, Joseph B. Miller, Kristy Hays, Charles D. Zelk, Patrick S. Allen, Kara S. Patrick and Jerry P. Vinson. Defendant Baker is charged in Counts One, Two and Ten of the indictment. Count One of the indictment charges that between April 1, 2003, to the present, all defendants knowingly conspired with each other and others to manufacture methamphetamine in an amount of fifty grams or more. Count Two charges that on April 1, 2003, defendant Baker possessed pseudoephedrine, knowing that it would be used to manufacture methamphetamine. Count Three charges that on October 17, 2003, defendant Bowman possessed pseudoephedrine, knowing that it would be used to manufacture methamphetamine. Count Four

charges that on January 12, 2004, defendants Bowman and Burton knowingly attempted to manufacture methamphetamine. Count Five charges that on April 9, 2004, defendant Taylor knowingly possessed with the intent to distribute methamphetamine. Count Six charges that on May 17, 2004, defendants Gruetze, Bowman, Burton and Taylor knowingly attempted to manufacture methamphetamine. Count Seven charges that on May 18, 2004, defendant Burton knowingly possessed with the intent to distribute methamphetamine. Count Eight charges that on May 28, 2004, defendants Hays and Zelk knowingly attempted to manufacture methamphetamine. Count Nine charges that on June 8, 2004, defendant Deterding knowingly possessed with the intent to distribute methamphetamine. Count Ten charges that on July 17, 2004, defendants Miller, Vinson, Patrick and Baker knowingly attempted to manufacture methamphetamine. Count Eleven charges that on July 30, 2004, defendants Gruetze and Hedger knowingly attempted to manufacture methamphetamine. Count Twelve charges that on August 17, 2004, defendants Hughes and Allen knowingly attempted to manufacture methamphetamine. Count Thirteen charges that on August 17, 2004, defendant Taylor knowingly attempted to manufacture methamphetamine. Count Fourteen charges that on September 20, 2004, defendants Bowman and Vinson knowingly attempted to manufacture methamphetamine.

## II. DISCUSSION

### A. Defendants Are Properly Joined In This Action

Rule 8(b), Federal Rules of Criminal Procedure, establishes the requirements for joinder of defendants. Defendants are permitted to be joined where "they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." This Rule is to be liberally construed in favor of joinder. See United States v. Jones, 880
2

F.2d 55, 62 (8th Cir. 1989).

The question of whether joinder is proper is to be determined from the face of the indictment, accepting as true the factual allegations in the indictment. See United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984), cert. denied, 471 U.S. 1115 (1985). See also United States v. Willis, 940 F.2d 1136, 1138 (8th Cir. 1991), cert. denied, 507 U.S. 971 (1993)("the indictment on its face revealed a proper basis for joinder"); Jones, 880 F.2d at 62 ("the superseding indictment reveals on its face a proper basis for joinder").

Accepting as true the factual allegations in the indictment, it is clear that the charge in Count One (that defendants conspired with each other and others to manufacture methamphetamine) satisfies the requirement that defendants are alleged to have participated in the same act or in the same series of acts constituting an offense. There is no misjoinder in this case.

    B.    Defendant Baker Is Not Prejudiced By The Joinder

Defendant Baker argues that she would be prejudiced by a joint trial for the following reasons:

1. Angela Baker's Sixth Amendment rights are likely to be violated if statements of her co-defendants are introduced into evidence as she will not be able to engage in cross-examination except in the unlikely scenario that her co-defendants elect to testify.

2. If Angela Baker is tried with her co-defendants the possibility of prejudicial spill-over is great. Severance is the only way to ensure that evidence relating to Baker's co-defendants does not prejudice the jury against Baker.

(Motion for Severance at 3 and 4)

Rule 14, Federal Rules of Criminal Procedure, permits severance where joinder would result in unfair prejudice to a defendant. The decision to sever lies in the trial court's discretion. See United States v. Davis, 882 F.2d 1334, 1340 (8th Cir. 1989), cert. denied, 494 U.S. 1027 (1990).

3

As shown below, defendant's claims of prejudice are without merit. There is no prejudice in this case that would require severance in order to ensure a fair trial.

   1.  Right Of Confrontation

Defendant Baker argues:

> In this case, it is unknown whether the government will seek to admit any statements made by one or more of the co-defendants. However, the discovery file contains statements of several co-defendants. Introducing such statements will violate Baker's Sixth Amendment right insofar as Baker will not be able to confront her accusers because her co-defendants are unlikely to testify at trial.

(Motion for Severance at 2)

In Bruton v. United States, 391 U.S. 123 (1968), the United States Supreme Court held that a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant. In a subsequent case, the Court has held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when ... the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." Richardson v. Marsh, 481 U.S. 200, 211 (1987). The Court later held that it is not sufficient to merely replace another defendant's name with an obvious indication of deletion, such as a blank space, the word "deleted" or a similar symbol, because this type of redaction still falls within Bruton's protective rule. See Gray v. Maryland, 523 U.S. 185, 192 (1998). However, replacing a defendant's name with words that do not indicate that the statement has been redacted, such as using the word "someone," or deleting the defendant's name when it is followed by words which do not indicate that the statement has been redacted, such as "a few other guys," does not violate Bruton.

4

See Gray, 523 U.S. at 196-97 (where Court gave proposed redaction and approved of redaction used in United States v. Garcia, 836 F.2d 385 (8th Cir. 1987)). See also United States v. Edwards, 159 F.3d 1117, 1125-26 (8th Cir. 1998), cert. denied, 528 U.S. 825 (1999); United States v. Donahue, 948 F.2d 438, 444 (8th Cir. 1991), cert. denied, 503 U.S. 976 (1992).

At this point, the Court is not evaluating any proposed redaction. In fact, the Government has not yet determined that it will offer the statements in question at trial. (See Government's Response at 5) It should be noted that while the scheduling order requires that proposed redactions be presented to the Court well in advance of trial, the Court has not yet been presented with any proposed redactions to evaluate.

### 2. Evidence Against Other Defendants

Defendant Baker argues:

> In the instant case, there are fourteen defendants all alleged to have been involved in a conspiracy to manufacture methamphetamine. Defendant Angela Baker is only named in three of the fourteen counts of the Indictment. In the information released to defense counsel thus far, there is very little evidence of Baker's role in the conspiracy compared to the roles played by her co-defendants. If Angela Baker is tried with her co-defendants the possibility of prejudicial spill-over is great. Severance is the only way to ensure that evidence relating to Baker's co-defendants does not prejudice the jury against Baker.

(Motion for Severance at 4)

As set forth above, defendant Baker has been charged with conspiring with defendants Patrick P. Gruetze, Terra Hedger, Winfred E. Taylor, Edward Bowman, Jr., Christopher Burton, James Deterding, John A. Hughes, Joseph B. Miller, Kristy Hays, Charles D. Zelk, Patrick S. Allen, Kara S. Patrick, Jerry P. Vinson and others to manufacture methamphetamine. Further, defendant Baker has been charged with possessing pseudoephedrine, knowing that it would be used to manufacture methamphetamine. Finally, defendant Baker has been charged (along with three other

5

defendants) with attempting to manufacture methamphetamine.

A defendant is not entitled to severance simply because the evidence against a co-defendant is more weighty than the evidence against her or because evidence admissible against a co-defendant may make her case more difficult to defend. In United States v. Willis, 940 F.2d 1136 (8th Cir. 1991), the court found:

> There can be little doubt that the joint trial made it more difficult for Willis [a minor participant charged in only two of thirty-two counts] to defend himself. The evidence clearly revealed that Duke was a major drug dealer with a "far-flung" operation. But difficulty alone is not a reason to reject joinder. A showing of clear prejudice must be made.

Id. at 1139. See also United States v. Pecina, 956 F.2d 186, 188 (8th Cir. 1992); United States v. Davis, 882 F.2d 1334, 1340 (8th Cir. 1989), cert. denied, 494 U.S. 1027 (1990).

Prejudice may occur if the jury is unable to compartmentalize the evidence against each defendant. See United States v. Willis, 940 F.2d 1136, 1138 (8th Cir. 1991), cert. denied, 507 U.S. 971 (1993). However, this potential problem can normally be resolved through applicable jury instructions. See United States v. Pecina, 956 F.2d 186, 188 (8th Cir. 1992)("Disparity in the weight of the evidence as between ... parties does not entitle one to severance ... In addition, the district court gave precautionary instructions advising the jury of the proper use of evidence as related to each defendant and each charge"); United States v. McConnell, 903 F.2d 566, 571 (8th Cir. 1990), cert. denied, 498 U.S. 1106 (1991)("the roles of the individual [defendants] were sufficiently distinct that the jury, aided by the court's instructions, could compartmentalize the evidence against each defendant"); United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989); United States v. Jackson, 549 F.2d 517, 526 (8th Cir.), cert. denied, 430 U.S. 985 (1977).

There is no reason to question that any possible prejudice to defendant Baker resulting from

6

evidence presented against codefendants cannot be resolved through precautionary jury instructions.

## III.  CONCLUSION

The Court must balance the burden and cost of separate trials against the possible prejudice to defendants.  In this case, the burden and costs of separate trials outweigh any possible prejudice asserted by defendant Baker.  Therefore, it is

ORDERED that Defendant Angela Baker's Motion for Severance (doc #195) is denied.

        /s/ Sarah W. Hays        
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE
